BETH A. ROSS (SBN 141337)
PHIL A THOMAS (SBN 248517)
LEONARD, CARDER, LLP
1188 Franklin St., Suite 201
San Francisco, CA 94109
Tel: (415) 771-6400 / Fax: (415)771-7010

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL E. MOORING, | Case No. C-08-01656 JSW |
| Plaintiff, | |
| v. | **DEFENDANTS' RULE 26(f) CASE MANAGEMENT STATEMENT** |
| ILWU LOCAL 10, GEORGE GALARZA and MELVIN MACKAY, | |
| Defendants | |

TO ALL PARTIES, THEIR ATTORNEYS OF RECORD, AND THE COURT:

Pursuant to Civil Local Rule 16-9, FRCP Rule 26(f), and the Court's Order Setting Initial Case Management Conference and ADR Deadlines filed on March 27, 2008, Defendants International Longshore and Warehouse Union, Local 10 ("Local 10"), George Galarza and Melvin MacKay, through their counsel of record filed this Rule 26(f) Case Management Statement. Plaintiff Darrell E. Mooring is *pro se,* and does not join in this Case Management Statement.

1.    <u>**Jurisdiction and Service**</u>:

The basis for the Court's subject matter jurisdiction over Plaintiffs' claims is under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. All the parties have been properly served, and there are no issues regarding personal jurisdiction or venue.

2.    <u>**Facts**</u>:

Plaintiff is a Class A Registered Longshoreman. On June 22, 2005, he sought accommodation for his alleged disabilities through the procedures provided in the Pacific Coast

1

1    Longshore Contract Document ("PCLCD"), the collective bargaining agreement that covers his

2    employment. At the regular Joint Port Labor Relations Committee ("JPLRC") meeting on June

3    22, 2005, the Union formally requested that Plaintiff's request be processed under the contractual

4    procedures. A special ADA meeting of the JPLRC was held on September 13, 2005 to discuss

5    Plaintiff's request. The JPLRC reviewed the medical specialist report Plaintiff provided, and

6    agreed that he should be granted a permanent waiver from jobs that required him to perform

7    certain physical activities. The JPLRC also agreed that the accommodations it was providing did

8    not excuse Plaintiff from the availability requirements of the Pay Guarantee Plan ("PGP"),

9    Section 20 of the PCLCD. The JPLRC reached disagreement as to how Plaintiff should be

10   assigned to particular dispatch boards. In accordance with the terms of the PCLCD, the disputed

11   matter was referred to the Joint Coast Labor Relations Committee ("JCLRC"). On January 10,

12   2006, the JCLRC discussed the disputed portion of the JPLRC's decision and again reached

13   disagreement. The portion of the request on which the JCLRC reached disagreement was

14   referred to the Coast Arbitrator for decision on the written record. Neither the Union nor the

15   Employers have made a formal request for arbitration.

16        On January 30, 2007, Plaintiff filed an unfair labor practice charge with the National

17   Labor Relations Board ("NLRB") in which he made essentially the same allegations he made in

18   this action. Defendant Local 10 explained to the NLRB that it viewed the outcome of the

19   September 15, 2005 JPLRC meeting as a reasonable accommodation of Plaintiff's disability.

20   The Union asserted that the other accommodations requested by Plaintiff and/or the Employers

21   regarding order of dispatch would violate long-established seniority rule. Such an

22   accommodation is per se unreasonable under *Willis v. PMA,* 244 F.3d 675, 679 (9th Cir. 2001).

23   The Union further asserted that, because it owes a duty of fair representation not just to a

24   particular individual but to all members of a bargaining unit it represents, the Union would

25   violate its duty to all bargaining unit members who are senior to Plaintiff if it were to support his

26   proposed accommodation. Finally, the Union asserted that Plaintiff's allegations regarding the

27

28

2

**RULE 26(f) CASE MANAGEMENT STATEMENT**
Case No. C-08-01656 JSW

Union's handling of his efforts to remain eligible for the Pay Guarantee Plan are untimely as well as unavailing on the merits.  On April 12, 2007, the NLRB dismissed Plaintiff's charge.

On February 25, 2008, Plaintiff commenced this action in San Francisco Superior Court. Defendants were served notice of the action on March 4, 2008.  Defendants removed the action to this Court on March 27, 2008.

**3.    Legal Issues:**

(a)    Whether Plaintiff has stated a claim upon which relief may be granted.

(b)    Whether Plaintiff's claims are barred by the six-month statute of limitations set forth in Section 10(b) of the National Labor Relations Act, 29 U.S.C. §160(b).

(c)    Whether Plaintiff's claims are barred by his failure to timely and/or adequately exhaust available grievance/arbitration procedures under the applicable collective bargaining agreement.

(d)    Whether Plaintiff's apparent claim that he was denied a reasonable accommodation for an alleged disability fails as a matter of law because the accommodation he seeks would violate the collectively-bargained seniority rights of other employees, as determined by the 9th Circuit in *Willis v. PMA,* 244 F.3d 675 (9th Cir. 2001).

(e)    Whether individual Defendants Galarza and MacKay are proper defendants to any of Plaintiff's claims.

(f)    Whether Plaintiff is entitled to damages, attorneys fees, or any of the other remedies he seeks.

**4.    Motions:**

No motions have been filed in this matter.  Defendants anticipate filing motions to dismiss and/or for summary judgment on all claims.

**5.    Amendment of Pleadings:**

Defendants propose that August 25, 2008, be the last day to amend pleadings.

3

**6.    Evidence Preservation:**

Defendants' counsel have instructed Defendants to collect and retain all written documents, records and other things (including e-mails, voicemails, electronically-recorded material) relevant to the claims and defenses made in this case.

**7.    Disclosures:**

Defendants have completed the initial disclosure requirements of Fed.R.Civ.P. 26. Defendants have received no initial disclosures from Plaintiff.

**8.    Discovery:**

The parties have not commenced discovery in this case. Defendants will depose Plaintiff and all material witnesses identified by Plaintiff. Defendants may also propound written discovery requests.

**9.    Class Actions:**

Defendants assert that the claims alleged herein require individualized treatment, and are therefore not appropriate for class action.

**10.    Related Cases:**

Defendants are unaware of any related cases at this time.

**11.    Relief:**

Plaintiff seeks compensatory and punitive damages.   Defendants contend that Plaintiff is entitled to none of the remedies he seeks.

**12.    Settlement and ADR:**

Defendants have been unable to contact Plaintiff regarding settlement and/or ADR.

**13.    Consent to Magistrate Judge for All Purposes:**

Defendants would consent to assignment of this case to a Magistrate Judge for all purposes.

**14.    Other References:**

Defendants are aware of none.

**RULE 26(f) CASE MANAGEMENT STATEMENT**
Case No. C-08-01656 JSW

15. **Narrowing of Issues:**

The only pending issue is Plaintiff's hybrid duty of fair representation/Section 301 claim.

16. **Expedited Schedule:**

Defendants would agree to a bench trial.

17. **Scheduling:**

Defendants propose the following schedule for individualized treatment of Plaintiffs' claims:

| | |
|---|---|
| Discovery Cut-Off (Nonexpert): | December 19, 2008 |
| Designation of Experts: | January 30, 2009 |
| Motion Hearing Cut-Off: | March 9, 2009 |
| Final Pre-Trial Conference: | May 11, 2009 |
| Trial: | June 9, 2009 |

18. **Trial:**

Defendants estimate that a jury trial would require no more than two days.

19. **Disclosure of Non-party Interested Entities of Persons:**

Defendants filed their Certification of Interested Entities or Persons on July 7, 2008. Other than the named parties, there is no such interest to report.

Respectfully submitted,

DATED:  July 18, 2008                    LEONARD CARDER, LLP


By: _____
Phil A Thomas
Attorneys for Defendants

**RULE 26(f) CASE MANAGEMENT STATEMENT**
Case No. C-08-01656 JSW